17-3857(L)
*United States v. Block*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
PETER W. HALL,
RICHARD J. SULLIVAN,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

 *Appellee*,

  v.           Nos. 17-3857, 19-682

BRIAN BLOCK,

 *Defendant-Appellant*.

---

For Appellee:       BRIAN R. BLAIS (Edward A. Imperatore, Daniel B. Tehrani, Won S. Shin, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:   REID H. WEINGARTEN (Michael C. Miller, Michelle L. Levin, Michael Vatis, Michael

G. Scavelli, *on the brief*), Steptoe & Johnson LLP, New York, NY.

Appeal from a judgment and an order of the United States District Court for the Southern District of New York (Oetken, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

These consolidated appeals concern defendant-appellant Brian Block's conviction, after a jury trial, of securities fraud and related charges arising out of his preparation of financial statements filed with the U.S. Securities and Exchange Commission ("SEC") on behalf of American Realty Capital Properties Inc. ("ARCP"). Block appeals from a judgment of conviction entered on November 9, 2017 by the United States District Court for the Southern District of New York (Oetken, *J.*) imposing a sentence consisting principally of 18 months' imprisonment for conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, securities fraud in violation of 15 U.S.C. § 78j(b), making false statements in SEC filings in violation of 15 U.S.C. § 78m(a), making a false certification of disclosure in SEC filings in violation of 15 U.S.C. § 78m(a), and filing a false certification with the SEC in violation of 18 U.S.C. § 1350(c)(1). He also appeals a March 19, 2019 opinion and order denying his Rule 33 motion for a new trial based on the government's alleged failure to disclose impeachment information it became aware of at trial. *United States v. Block*, No. 16-cr-595(JPO), 2019 WL 1254762 (S.D.N.Y. Mar. 19, 2019). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Block principally argues that: (1) there was insufficient evidence to support his conviction because the government failed to prove that ARCP's adjusted funds from operations ("AFFO") reporting was "objectively" false; (2) the district court abused its discretion by failing

2

to exclude evidence of Block's compensation; (3) the district court abused its discretion by failing to exclude evidence of an ARCP Audit Committee investigation, Block's subsequent termination, and a purported cover-up in response to that investigation; (4) the district court abused its discretion by failing to exclude lay opinion testimony in response to hypothetical questions that assumed Block's guilt; and (5) the district court improperly denied Block's Rule 33 motion for a new trial based on the government's failure to disclose impeachment information it learned of during trial.

We review challenges to the sufficiency of the evidence *de novo*, considering the totality of the evidence and drawing all permissible inferences in the government's favor, and will affirm if any rational jury could have found the defendant guilty beyond a reasonable doubt. *See United States v. Taylor*, 816 F.3d 12, 22 (2d Cir. 2016). The government introduced sufficient evidence for a jury to find beyond a reasonable doubt that Block's AFFO reporting was false or misleading within the meaning of the securities laws, including evidence that: (1) Block inserted "plug" numbers for two inputs into the AFFO in order to correct a previous methodological error in how ARCP's AFFO was calculated; (2) the two plug numbers were not supported by ARCP's books and records; (3) Block's colleague expressed concerns about Block's AFFO calculation and later reported it to superiors; and (4) after ARCP's Audit Committee initiated an investigation, Block discussed a way to justify the plug numbers. Contrary to Block's assertion, the government was not required to call an expert to testify to the objective falsity of Block's AFFO reporting. *See United States v. Ebbers*, 458 F.3d 110, 125–26 (2d Cir. 2006) ("[E]ven where improper accounting is alleged, the statute requires proof only of intentionally misleading statements that are material, *i.e.,* designed to affect the price of a security. . . . If the government proves that a defendant was responsible for financial reports that intentionally and materially

3

misled investors, the statute is satisfied. The government is not required in addition to prevail in a battle of expert witnesses over the application of individual [Generally Accepted Accounting Principles] rules.") (citing 15 U.S.C. § 78ff). Here, the evidence introduced by the government at trial did not require the assistance of an expert to understand.

Block's challenges to the government's introduction of evidence of his compensation, his termination pursuant to an ARCP Audit Committee investigation, and lay opinion testimony in response to hypothetical questions likewise fail for substantially the reasons stated by the district court in its rulings on Block's motions *in limine* raising these challenges.

Finally, in assessing whether the district court abused its discretion in denying Block's motion for a new trial, we need not resolve whether the district court properly concluded that the withheld evidence constituted impeachment material within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972).[1] Even if it did, we agree with the district court that the government's failure to disclose the evidence does not entitle Block to a new trial because it was not material in light of the substantial evidence introduced against Block at trial.

---

[1] The district court held an evidentiary hearing concerning Block's motion for a new trial on November 20, 2018. After the hearing, the court concluded that the withheld evidence constitutes impeachment material within the meaning of *Giglio*, observing that "[e]ven if it was a close question, the Government should have disclosed the conversation. As the Supreme Court has pointed out, a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence." No. 19-682 Special App. at 12 (internal citations, quotation marks, and brackets omitted).

We have considered Block's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment and order of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk